UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID LEE YOUNG, <br> TDCJ #0161988, <br><br> Petitioner, <br> VS. <br><br> LORIE DAVIS, <br><br> Respondent. | § § § § § § § § § | CIVIL ACTION NO. H-19-1232 |

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner David Lee Young (TDCJ #01641988) is an inmate currently in the custody of the Texas Department of Criminal Justice ("TDCJ") at the Terrell Unit. Young filed this civil action on the form for a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, but he does not challenge his conviction or sentence. Instead, he alleges that TDCJ-Correctional Institutions Division Director Lorie Davis and Ramon Collin, an investigator working in the Stringfellow Office of the Office of Inspector General, are violating his Eighth and Fourteenth Amendment rights because they failed to provide a safe environment, failed in their responsibility to public safety, and failed to control drug traffic by officers and gangs at the prison.

On April 15, 2019, the Court ordered Young to submit a More Definite Statement to clarify his claims. (Doc. No. 6). In that Order, the Court advised Young that civil rights claims challenging the conditions of his confinement should be asserted in a civil action under 42 U.S.C. § 1983, rather than a petition for habeas corpus, and attached a form for such claims to the Order. The Court also advised Young that if he wished to proceed with his section 1983 claims, he must pay the balance of the $400 filing fee ($395.00), or, if requesting to proceed *in*

*forma pauperis*, he must submit an application to proceed *in forma pauperis* **and** a copy of his inmate trust fund statement. *Id.*

On May 1, 2019, the Court received Young's "More Definite Statement," which confirmed that Young was challenging the conditions of his confinement rather than his conviction or sentence. On May 28, 2019, at Young's request, the Court sent Young a second copy of the form for section 1983 claims. (*See* Doc. No. 13).

To date, Young has not filed his amended complaint on the forms provided. Further, he has neither paid the applicable filing fee for a section 1983 complaint nor submitted a properly supported motion to proceed *in forma pauperis* with a copy of his inmate trust fund account statement. Young's failure to pursue this action leads the Court to conclude that he lacks due diligence. Therefore, under the inherent powers necessarily vested in a district court to manage its own affairs, this Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (stating that "[t]he failure to comply with an order of the court is grounds for dismissal with prejudice"); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998) (noting that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order).

Young is advised, however, that relief from this Order may be granted upon a proper showing in accordance with Rule 60(b) of the Federal Rules of Civil Procedure, if such motion is timely filed within 30 days of this Order. At a minimum, a proper showing under Rule 60(b) includes full compliance with the Court's previous notices or orders, including submitting his claims on the form provided for section 1983 claims and either paying the balance of the $400.00 filing fee or submitting a properly supported motion to proceed *in forma pauperis* with a copy of his inmate trust fund account statement as directed.

Accordingly, based on the foregoing, the Court **ORDERS** that this case is **DISMISSED** without prejudice for want of prosecution.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, this \_\_\_\_31st\_\_\_\_ day of July, 2019.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE